355-07/DPM/MAM
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
MODESTA SHIPHOLDING LTD.
80 Pine Street
New York, NY 10005
Telephone: (212) 425-1900 / Facsimile: (212) 425-1901
Don P. Murnane, Jr. (DM 3639)
Manuel A. Molina (MM 1017)

AUG 02 2007
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
MODESTA SHIPHOLDING LTD.,

      Plaintiff,

-against-

LS TRADING ENGINEERING, S.A.,

      Defendant.
----------------------------------------------------------------x

07 CIV.     (     )

**VERIFIED COMPLAINT**

Plaintiff MODESTA SHIPHOLDING LTD. ("MODESTA"), by its attorneys Freehill Hogan & Mahar, LLP, as and for its Verified Complaint against Defendant LS TRADING ENGINEERING, S.A. ("LS TRADING" or "Defendant"), alleges upon information and belief as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for breach of a maritime ship repair contract. The case also falls within this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333, *et seq.* and / or the Arbitration Act, 9 U.S.C. §1 *et seq.* and /or §201 *et seq.* and this Court's federal question jurisdiction pursuant to 28 U.S.C. §1331.

2. At all times relevant hereto, MODESTA was and still is a foreign business entity organized and existing under the laws of a foreign country, with an office and place of business at P.O. Box 1405, Ajeltake Islands, Majuro, Marshall Islands, MH 96960. MODESTA is the owner of the vessel M/V NORA.

NYDOCS1/287476.1

3.  At all times relevant hereto, LS TRADING was and still is a business entity organized and existing under the laws of a foreign country, with an office and place of business at 8-10 Sachtouri Street, 185 37 Piraeus, Greece. LS TRADING is in the business of performing ship repairs.

4.  On or about June 1, 2006, MODESTA, acting thorough its agent Nasta Shipmanagement S.A., entered into a maritime ship repair contract with LS TRADING ("the Contract"), whereby the Defendant agreed to repair the M/V NORA's generator, which generator had sustained damages on May 31, 2006, while the vessel was alongside a pier at the port of Qin Huang Dao, China.

5.  Pursuant to the terms of the Contract, LS TRADING agreed to repair the vessel's damaged generator for $30,000. As per the Contract, MODESTA agreed to pay to Defendant the sum of $10,000 upon the execution of the Contract and the balance of $20,000 upon completion of the repairs. In total, MODESTA paid to LS TRADING the sum of $28,800 under the Contract.

6.  On or about June 4, 2006, the M/V NORA's damaged generator was removed from the vessel and placed ashore into the care, custody and control of the Defendant so that the repairs could be performed.

7.  On or about June 10, 2006, LS TRADING advised MODESTA that the repairs on the vessel's generator had been successfully completed.

8.  Given that the M/V NORA had sailed for Singapore, the generator, which LS TRADING alleged had been repaired, was placed into a container and shipped onboard an ocean liner from China to Singapore on or about June 25, 2006. The container arrived at Singapore on the same day and the generator was loaded onboard the M/V NORA.

9. MODESTA hired Cyclect Electrical Engineering Pte. Ltd. ("Cyclect") to install the vessel's generator. Cyclet, however, on June 26, 2006, advised MODESTA that, after initial tests, the generator was still faulty and inoperative. MODESTA was therefore compelled to perform additional repairs on the vessel's generator.

10. As a result of Defendant's breach of the Contract, MODESTA incurred the sum of Singapore Dollars 142,922.25 (or USD94,543.96 at the exchange rate of 1 SGD = 0.661506 USD), reflecting expenses associated with the first installation of the faulty and inoperative generator, subsequent repairs, transportation and reinstallation of the generator on the vessel.

11. In addition, as a result of Defendant's breach of the Contract in failing to repair the generator, MODESTA was unable to put the vessel back into service for 10 days and did not receive charter hire payments. MODESTA therefore sustained damages in the form of offhire losses and associated expenses amounting to $129,191.76.

12. By virtue of the foregoing and as a result of LS TRADING's breach of the Contract, MODESTA has sustained damages in the total sum of $252,537.72.

13. MODESTA has performed all its obligations under the Contract.

14. Despite due demand for payment of the sum of $252,537.72 by MODESTA, LS TRADING, however, has refused or have otherwise failed to pay.

15. MODESTA has commenced a lawsuit against Defendant in Greece. MODESTA specifically reserves its right to litigate the merits of its dispute with Defendant in Greece.

16. This action is brought in order to obtain security in favor of MODESTA in respect to its claims against Defendant, including but not limited to interest, MODESTA's anticipated attorneys' fees and costs in the Greek lawsuit, all of which are recoverable as part of the Plaintiff's main claims under Greek law.

17. After investigation, Defendant LS TRADING cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant or as may be held, received or transferred for its benefit at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein.

18. As nearly as presently can be computed, the total amount sought to be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims by MODESTA against LS TRADING includes:

(a) MODESTA's claim for reimbursement of the payments MODESTA made to Defendant under the Contract in the sum of $28,800;

(b) MODESTA's claim for the additional repairs to the faulty generator and associated expenses in the sum of $94,543.96;

(c) MODESTA's claim for offhire losses and associated expenses stemming from MODESTA's inability to put back the vessel into service in the sum of $129,191.76;

(d) Interest in the amount of $55,817.15, calculated on the above sums at the rate of 10.5% per annum, for 2 years, the estimated time it will take to obtain a final judgment in Greece against the Defendant, which interest is recoverable under Greek law; and

(e) Legal fees and costs that will be incurred by Plaintiff in respect to the Greek lawsuit which are recoverable pursuant to Greek law and are estimated by Greek counsel to be in the sum of EUROS 5,000 (or $6,913.48 at the exchange rate of 1 EURO = 1.38270 USD).

19. Based upon the foregoing, the total amount MODESTA seeks to attach in this action, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, is **$315,268.35**.

W H E R E F O R E, Plaintiff MODESTA SHIPHOLDING LTD. prays:

a. That process in due form of law according to the practice of this Court may issue against Defendant LS TRADING ENGINEERING, S.A., citing it to appear and answer the foregoing, failing which a default will be taken against it for the principal amount of the claim of $252,537.72, plus interest, costs and attorneys' fees;

b. That if the Defendant cannot be found within this District pursuant to Supplemental Rule B, all tangible or intangible property of the Defendant as described herein, up to and including the amount of the claims of **$315,268.35** be restrained and attached, including, but not limited to any cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due, held or being transferred to or for the benefit of the Defendant (collectively hereinafter "ASSETS") including, but not limited to such ASSETS as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit at, through or within the possession, custody or control of banking institutions and any other garnishees upon whom a copy of the Process of Maritime Attachment and Garnishment issued herein may be served;

c. That the Court enter an order directing Defendant to appear and respond in the Greek lawsuit as required, or, to the extent a judgment is rendered against the

Defendant, to recognize and enforce that judgment as a judgment of this Court; and

d. That Plaintiff have such other, further and different relief as this Court may deem just and proper.

Dated: New York, New York
August 1, 2007

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
MODESTA SHIPHOLDING LTD.

By: _____
Don P. Murnane, Jr. (DM 3639)
Manuel A. Molina (MM 1017)
80 Pine Street
New York, NY 10005

## ATTORNEY VERIFICATION

State of New York )
) ss.:
County of New York )

Don P. Murnane, Jr., being duly sworn, deposes and says:

1. I am a member of the law firm of Freehill Hogan & Mahar, LLP, attorneys for the Plaintiff in this action. I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications from our client and documents provided by our client regarding this claim.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within the State of New York.

_____
Don P. Murnane, Jr.

Sworn to before me this
1st day of August, 2007

_____
NOTARY PUBLIC

CLARE HENRY
Notary Public, State of New York
No. 01HE4831498
Qualified in Kings County
Certificate in New York County
Commission Expires October 31, 2009